Turley J.
delivered the opinion of the court.
The power of courts to amend and supply their records when they have been left imperfect by the misprison of the clerk, or have been destroyed, either by accident or design, cannot be disputed; its existence is essential to a correct administration of- justice. It is, however, a very delicate power, and might be subject to much abuse, especially in criminal cases, if the extent to which it might be carried was not well defined and properly checked by law. This we think is done. It has been coirectly observed, that the judge during the term is a living record, and therefore during that period of time, he may alter and supply from his own memory, any order, judgment and decree which has been pronounced, and this because having made then himself, he is presumed to retain them in his recollection. But by the provisions of the common law, after the term had elapsed, the judge had no such power, because it was supposed that there would be a period at which a judge would cease to retain in his memory the things which had been ordered and adjudged, and that period it was well conceived might be the end of the term, as he would then be apt to dismiss from his thoughts the things which had been previously passing in them. But it *547 being ascertained by experience, that misprison of clerks were •* ^ a frequently made which were not discovered daring term time, and .therefore could not be corrected, as a remedy for which the statutes of 14th Ed. 3d Gh. 6th and 8th Hn. 6 c 45, were passed, greatly enlarging the powers of the courts upon this subject, the general provision of which need not be examined, as it is admitted that they do not apply to the case under consideration. It may not however be amiss to observe that it is held in Arthur Bíackmore’s rase, 4Rep. 156 a. thatal-though the 8th of Hen. VI. authorises an amendment of the record, where any part of it has been stolen, carried away, withdrawn or avoided, yet the part thus lost cannot be thus supplied, unless it can be done by other parts of the record or by an exemplification of the record. This decision it is said is not applicable to the present case, because the record has not been supplied under the provisions of this statute, but under the provisions of the common law, which it is urged permitted records to be supplied in all cases from the memory of the judge, without requiring it to.be done by other parts of the record, or by any exemplification thereof, provided this be •done at the term at which the accident happened. This 'brings us directly to the enquiry of what powers the court can exercise on this subject.
We have said that a court has the power to alter and supply from its memory alone, any order, judgment or decree pronounced by it at the same term, and this manifestly because the term constitutes but one day in the estimation of the law, and every thing is in fieri that is not unalterably fixed and determined by its adjournment. This principle doubtless applies with more force to things which have emenated from the court itself, because the judge may well recollect what he has himself directed to be done, and find it impossible to remember what has been done by others. This is peculiarly applicable to bills of indictment, which are drawn by the attorney general without consultation with the court, and acted upon by the grand jury, not under the immediate inspection of the court until the offender is arraigned for trial, and then in such a cursory way as to render it difficult for him to supply their Joss from memory. No judge would rashly undertake soto *548 Jo. It is not so done in this case, The entry is in the words . • J “The attorney general appeared in open court and moved the court to make the following alleged copy of the indictment and affidavits a part of the record in said case, whereupon the court upon an examination and inspection of the same, ordered the same to be spread upon the minutes of the court and madea partof the record of the cause.” There is nothing here showing that this was done upon the recollection and memory of the judge. But it is said that this appears in another part of the record, to wit, a bill of exceptions taken to the opinion of the court sustaining the motion in arrest of judgment. It is true, it is there stated by way of recital, that the court considered the reasons assigned in arrest were good and sufficient, notwithstanding the court was fully satisfied that the copy of the bill of indictment ordered to be made a part of the record, was an exact literal copy of the original, not only from the affidavits appended thereto but from the memory and recollection of the court itself.
If the indictment could be supplied from the memory of the judges, the records must show explicitly and with cei;-. tainty that it was so done. This recital in. th.e bill of exceptions does not amount to this. To establish the principle that a judge might supply a lost bill of indictment upon the affidavits of others, independent of his owu recollection, would', as we think, be exceedingly dangerous to the lives and libei ty of the citizens, and we cannot do so. We think we go far enough in saying that this may be done upon the memory of the judge. Furthermore, before a record can be supplied by the court, there must in our opinion be an adjudging by the court, that the original is lost. There is nothing in this record showing that there was such a judgment of the court pronounced, and we have no evidence that the original bill of indictment is not in existence, save the affidavit of the clerk, yffiich we think is not sufficient to warrant us in passing sentence on the prisoner upon a copy of the bill of indictment spread upon the records in the court below. We therefore affirm the judgment of the inferior court, and commit the prisoner for a new prosecution.
Judgment affirmed.